The Attorney General is in receipt of your request for an opinion wherein you ask the following question: "May the State Insurance Fund "FUND" enter into contracts for excess insurance for own-risk employers?" Under the proposed contracts the Fund would provide insured municipalities with "non-standard" Workers' Compensation insurance coverage; that is, the Fund would be writing "excess coverage." The Fund would pay claims which exceeded losses incurred above a specified amount. The municipality would continue to be self-insured but would avoid the financial risk of a catastrophic loss. The proposed contracts would also provide that the Fund would administer the servicing of claims. Title 85 O.S. 131 [85-131] (1972), provides in pertinent part as follows: "There is hereby created and established a fund to be known as 'The State Insurance Fund' to be administered by the State Insurance Fund Commissioner "COMMISSIONER", without liability on the part of the state beyond the amount of said Fund, for the purpose of insuring employers against liability for compensation under Sections 131 through 151 of this title, and for assuring for the persons entitled thereto compensation provided by the Workmen's Compensation Law, and for the further purpose of insuring persons, firms and corporations against loss, expense or liability by reason of bodily injury, death by accident, occupational disability, or occupational disease suffered by employees, for which the insured may be liable or have assumed liability . . . ." Title 85 O.S. 131 [85-131](a) (1979), creates the "Board of Managers of the State Insurance Fund." Section 85 O.S. 131 [85-131](b) directs the Board of Managers to appoint a State Insurance Fund Commissioner, who shall be executive manager of the Fund. The legal status of the Fund is set forth in Moran et al v. State ex rel Derryberry, 534 P.2d 1282 (Okl. 1975), wherein the Supreme Court of Oklahoma stated: "It is our conclusion that the funds of the State Insurance Fund are not State funds and do not belong to the State, that such funds are trust funds for the benefits of employers and employees . . . ." 534 P.2d 1285, 1288. The Fund is created for the purpose of insuring employers against liability for compensation under 85 O.S. 131 [85-131] — 85 O.S. 151 [85-151] (1979), and provides insurance against loss or liability "for which the insured may be liable or have assumed liability." The Commissioner is empowered to do all things "necessary and convenient" in the exercise of lawful authority. 85 O.S. 132 [85-132] (1971). The Commissioner may enter into insurance contracts "as herein provided" in conjunction with the management of the Fund and such non-insurance contracts as are expressly authorized. 85 O.S. 133 [85-133] (1971). In conducting the business of the Fund the Commissioner is empowered to enter into contracts insuring employers against liability for Workers' Compensation, and to "reinsure any risk or any part thereof." 85 O.S. 134 [85-134](1)(3)(4) (1971). The powers set forth in 85 O.S. 132 [85-132], 85 O.S. 133 [85-133] and 85 O.S. 134 [85-134] (1971), must be construed in conjunction with 85 O.S. 131 [85-131] (1972), setting forth the purposes of the Fund. The Commissioner's authority to enter into contracts of insurance is conferred to enable the Fund to insure employers against liability for workers' compensation. No express statutory provision prohibits the Commissioner from entering into contracts affording excess coverage for cities and towns which have become "own-risk employers." The authority of the cities and towns to enter into such contracts turns on 85 O.S. 2b [85-2b] (1977) and 85 O.S. 149 [85-149] (A) . Section 2b provides in pertinent part: "A. All departments, instrumentalities and institutions of this state and divisions thereof, counties and divisions thereof, public trusts, boards of education and incorporated cities or towns and divisions thereof, shall carry Workers' Compensation Insurance on each employee, whether engaged in a governmental or a proprietary function, as of July 1, 1978. Elected officials of any governmental entity listed hereinbefore shall be considered employees. Such insurance shall be carried with the State Insurance Fund, and shall be paid for out of the funds of such departments, instrumentalities and institutions of this state and divisions thereof, counties and divisions thereof, public trusts and incorporated cities or towns and divisions thereof. The incorporated cities and towns of this state are further authorized to qualify as self-insurers in accordance with Section 149 of this title . . ." Emphasis added Section 85 O.S. 149 [85-149](A) provides: "A. The state and all departments thereof must insure against their liability for compensation with the State Insurance Fund and every municipal corporation within the state, counties, cities and towns may each insure against their liability for compensation with the State Insurance Fund, and may not insure with any other insurance carrier unless the State Insurance Fund refuses to accept the risk when the application for insurance is made, but any county, city or town may carry its own insurance; provided, such municipality may make any appropriation of funds to take care of such claims." Emphasis added All incorporated cities and towns are required to carry Workers' Compensation Insurance on each employee and to carry such insurance with the Fund. Their only alternative is to qualify as self-insurers in accordance with 85 O.S. 149 [85-149](A) (1979). Subsection A does not permit cities and towns to insure with any insurance carrier other than the Fund unless the Fund refuses to accept the risk. Moreover, a city or town may qualify as a self insurer only if it is capable of making "any appropriation of funds to take care of" compensation claims. The question under consideration concerns cities and towns who have availed themselves of the only exception to the prohibition against insuring with any carrier other than the Fund. They have become own-risk employers who have elected not to insure with the Fund. Having chosen that alternative, may such a city or town enter into a contract of insurance with the Fund for "excess" insurance — that is, coverage above the level of its self-insured coverage? The provisions of 85 O.S. 149 [85-149](A) authorizing cities and towns to carry their own insurance contemplate that such municipalities have fully qualified as self-insurers in lieu of insuring against liability with the Fund; that is, they have satisfied the statutory requirement of being capable of making any appropriation of funds to take care of Workers' Compensation claims. Section 85 O.S. 149 [85-149](A) does not expressly authorize the purchase of excess insurance coverage and no such authority may be inferred from its provisions. A municipality may carry its own insurance only if it can make any appropriation of funds to take care of Worker's Compensation claims. It is, therefore, the official opinion of the Attorney General that 85 O.S. 149 [85-149](A) (1977), does not authorize cities and town which have qualified as self-insurers to enter into contracts for the purchase of excess-insurance coverage. (John Paul Johnson)